# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ALEXANDER PATTERSON, IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV409-159 |
| | ) | |
| DISTRICT ATTORNEY DAVID LOCK, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

Pushing the concept of "babbling nonsense" to new heights, *pro se* plaintiff and serial filer Alexander Patterson filed a 42 U.S.C. § 1983 form Complaint against "District Attorney David Lock."[1] Doc. 1. Patterson seeks, *inter alia,* the following relief:

> I want the Federal Court to render the (final Disposition) Abolition Revocation & Fourth final Declaration A to Z etc. irrecocable by the Civil State render and to (fixed summar order) Expungment Independently Abolition Declare and/or Declaration Declare civil conclusively summer order (x) Expungement (Select All Immoral Geneology) final esp. Abs. Ground Geneology (No answer for capital) Key Central Answer Resolve Civil Article V original Constitution Combine final key signature Central orders Global and Universal Military, Militia Accessible right library college. . . .

---

[1] Lock is not now, nor has he ever been, the local district attorney.

Doc. 1 at 5 (emphasis omitted).

Patterson furnishes nearly 500 pages of things like Wikipedia entries for "Sex Clubs," doc. 1-2 at 11, "Macrophilia" ("sexual fantasy involving domination by giants, primarily giant women"), *id.* at 10 and "Morphological freedom," which "refers to a proposed civil right of a person to either maintain or modify his or her own body, on his or her own terms, through informed, consensual recourse to, or refusal of, available therapeutic or enabling medical technology." *Id.* at 16.

The Court **GRANTS** Patterson leave to proceed *in forma pauperis*, but his case, of course, should be **DISMISSED WITH PREJUDICE** under the frivolous-lawsuit reasoning set forth in *Wilkerson v. MaxWay Dep't Store*, 2009 WL 3481896 (S.D. Ga. Oct. 28, 2009), specifically *id.* at * 2 n. 3 (pro se pleading standards)[2] and *id.* at * 1 (applying 28 U.S.C. § 1915(e)(2)(B)).[3]

---

[2] Pro se pleadings are held "to a less stringent standard than pleadings drafted by an attorney." *Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 849 (11th Cir. 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). "Threadbare recitals of the elements of a cause of action,

In fact, given plaintiff's history of burdening this Court with dead-end cases,[4] the six-month, pay-to-play bond proposed in *Wilkerson v. Statesboro Police Dep't*, No. CV609-075, doc. 3 at 5-6 (S.D. Ga. Nov. 13,

---

supported by mere conclusory statements, do not suffice" under Fed. R. Civ. P. 8. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). That is, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). Thus, while specific facts are not necessary under the notice pleading standard, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), a plaintiff must allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). The Court cannot simply "fill in the blanks" to infer a claim. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

[3] When a litigant proceeds IFP, 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to dismiss his complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[4] *See Patterson v. "Cheryl,"* No. MC402-7 docs. 4 & 7 (S.D.Ga. May 15, 2002) (Report and Recommendation (R&R) and Judgment dismissing case on abandonment grounds); *Patterson v. Gen. Colin J. Powell*, No. CV408-120, doc. 3, 5 (S.D. Ga. July 14, 2008) (R&R and Judgment dismissing case as frivolous); *Patterson v. Moore*, No. CV408-106 docs. 4, 8 (S.D. Ga. July 7, 2008) (same - dismissed as frivolous); *Patterson v. Chisolm*, No. CV409-165 doc. 1 (S.D. Ga. Oct. 21, 2009) (same non-sensical pleadings as the instant case, same R&R -- contemporaneously filed with this R&R -- advising dismissal on frivolity grounds).

2009)[5] should be applied here.  The rationale is obvious: The public should not be forced to absorb the cost of an individual's reckless "I'll sue you!" impulses.  And no amount of sympathy for the mentally imbalanced can justify the unchecked clogging of judicial channels with

---

[5] There the Court advised that

> for the next six months Wilkerson should be barred from filing any more lawsuits until she first posts a $100 frivolity bond, from which the Court will subtract $100 for the next frivolous lawsuit that she files.  And if that does not work, then stronger remedies may be required. *See Chapman v. Executive Committee of U.S. Dist. Court for N. Dist. of Illinois*, 324 F. App'x 500, 502 (7th Cir. 2009) (court executive committee's order directing destruction of any papers submitted either directly or indirectly by or on behalf of vexatious pro se litigant was not an abuse of discretion; order was not an absolute bar since it contained a provision under which the restriction might be lifted, and filing bar was also narrowly tailored to litigant's abuse of the courts).  No litigant may clog this Court with repeated, frivolous filings.

*Wilkerson*, No. CV609-075, doc. 3 at 5-6.  The *Chapman* court distinguished *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008), which disapproved of a similar order entered by this Court imposing a *permanent* bar on an abusive prisoner litigant. *Chapman*, 324 F. App'x. at 502. *See also Skillern v. Edenfield*, 2009 WL 3756946 (S.D. Ga. Oct 20, 2009) (recommending application of the *Chapman* remedy to deter future frivolous filings); *Washington v. Alaimo*, 934 F. Supp. 1395, 1400 (S.D. Ga. 1996) ($1500 "contempt bond" and other pre-filing requirements imposed against non-indigent inmate following a series of frivolous lawsuits culminating in his "motion to kiss my ass"); *May v. Hatter*, 2001 WL 579782 at * 4 (S.D. Fla.  May 15, 2001) (collecting "Rule 11 bond" cases); *May v. Shell Oil Co.*, 2000 WL 1276943 at * 4 (S.D. Fla. Aug. 31, 2000) (court enjoined serial filer from filing further lawsuits without first posting a $1,500 contempt bond from which court could deduct monetary contempt sanctions for future frivolous filings); *May v. Florida*, 2008 WL 2951870 at * 1 (S.D. Fla. July 29, 2008) (unpublished) (dismissing case for failing to comply with pre-filing restrictions).

4

demonstrably demented musings.  Lunatics are simply not allowed to run the asylum.

**SO REPORTED AND RECOMMENDED** this <u>18th</u> day of November, 2009.

<u>s/ G.R. SMITH</u>
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**